UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MARCUS MARTIN,

       Plaintiff,

                                      Case No. 2:14-CV-208

v.

                                      HON. GORDON J. QUIST

DUNCAN MACLAREN, *et al.*,

       Defendants.

_____/

**ORDER REJECTING REPORT AND RECOMMENDATION**

       Plaintiff, Marcus Martin, has filed Objections to Magistrate Judge Timothy Greeley's July 7, 2015 Report and Recommendation (R & R) (dkt. #20). In the R & R, the magistrate judge recommends that the Court grant Defendants' motion for summary judgment because Martin did not exhaust his claims. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Martin's Objection, and Defendant's response, the Court will reject the R & R and deny Defendant's summary judgment motion.

       Martin is an inmate at Kinross Correctional Facility (KCF) who practices the Yoruba religion. While housed in the segregation unit, Martin requested religious materials. Corrections Officer LaLonde denied those requests, and Martin filed a grievance claiming that LaLonde's actions violated the First Amendment and Michigan Department of Corrections (MDOC) Policy Directive 04.05.120, which allows inmates in segregation to possess certain religious materials. Martin's grievance was denied at Step I based on an internal KCF policy that prohibits inmates in

segregation from having religious material other than a Bible or Koran. At Step II, Defendant MacLaren, the warden, signed a denial that cited the same KCF policy. Martin's Step III grievance was also denied. Martin then sued MacLaren, as well as the former warden, Jeffrey Woods, and the deputy warden, Kathy Olson. Martin alleges that the MDOC policy violates the First Amendment.

MDOC policy requires inmates to include in their grievance the "names of all those involved in the issue being grieved." M.D.O.C. Policy Directive 03.02.130 ¶R. The magistrate judge found that Martin's grievance did not exhaust his claim against Defendants because it did not name them. Martin objects to this conclusion, arguing that he did not learn of the internal KCF policy until after he filed his grievance, and did not learn of the involvement of Woods and Olson in drafting that policy until after he was released from segregation.

The benefits of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219, 127 S. Ct. 910, 923 (2007). While the grievance process might provide notice to individuals that they may be subject to suit, that is not one of its primary purposes. *Id.* (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation.")). Thus, "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.*

However, proper exhaustion requires that inmates comply with MDOC procedures, *see Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 2382 (2006), which specify that an inmate must

2

name the individuals involved in the activity being grieved. Courts have refused to rigidly enforce this requirement, however, where an inmate is unaware of an individual's involvement at the time a grievance is filed. *See e.g., Contor v. Caruso*, No. 1:07-CV-303, 2008 WL 878665, at *7 (W.D. Mich. Mar. 28, 2008). As Magistrate Judge Carmody previously explained:

> While the Grievance Policy instructs prisoners to include "the names of all those involved in the issue," prisoners may be unable to learn the names of all of the involved parties given the very short time line for filing a Step I grievance and the prisoner's limited ability to access information while incarcerated. The MDOC cannot create a grievance process that effectively makes it impossible for prisoners to properly grieve their claims.

*Id.*

In this case, Martin filed a grievance against LaLonde based on the violation of an MDOC policy that allows inmates in segregation to possess certain religious materials. Martin later learned that a KCF internal policy prohibits inmates in segregation from having materials other than the Koran or the Bible, and that the policy had been written by Olson and approved by Woods. Even if Martin could have accessed the internal KCF policies while in segregation, as Defendants contend, he had no reason to suspect the existence of an internal KCF policy that conflicted with MDOC policy. Thus, at the time he filed his grievance, Martin had no reason to know that prison management—rather than LaLonde—dictated that he be denied his religious materials. Thus, Martin could not possibly have named Defendants in his grievance.

Martin's grievance satisfied the goals of the exhaustion requirement—it put prison officials on notice of the issue being grieved and allowed them to address that issue prior to the initiation of a lawsuit. It also provided personal notice to MacLaren, who signed the grievance denial at Step II. Thus, in these circumstances, a rigid adherence to the requirement that a grievance name the individuals involved would put form over substance, and would not advance the goals of the exhaustion requirement.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued July 7, 2015 (dkt. # 20) is **REJECTED.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (dkt. #9) is **DENIED**.

Dated:  August 13, 2015                                  /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE