UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

MARCUS MARTIN,

    Plaintiff,

v.                                                        Case No. 2:14-cv-208
                                                         HON. GORDON J. QUIST

DUNCAN MACLAREN, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATION

Plaintiff Marcus Martin, an inmate currently confined at the West Shoreline Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Warden Duncan MacLaren, former Warden Jeffrey Woods, and Deputy Warden Kathy Olson, who had been employed at the Kinross Correctional Facility at the time of his confinement. Both Plaintiff and Defendants move for summary judgment. Plaintiff claims that he was denied access to his religious materials while placed in segregation at the Kinross Correctional Facility, where he had been previously confined. Plaintiff is a practitioner of the Yoruba religion.

Plaintiff was placed in segregation in January, 2014, for a substance abuse violation. While in segregation, Plaintiff was permitted access to property necessary to practice his preferred religion. Pursuant to prison policy, Plaintiff was allowed one set of 16 cowry shells, one strand of white consecrated beads, and one picture of The Orisha, items required for regular religious practices in the Yoruba religion. Additionally, Plaintiff was allowed to have two soft-cover books from his personal collection at a time while in segregation, as well as access to any religious reading

materials as requested through the chaplain. Plaintiff claims that he made a request for "The Fundamentals of the Yoruba Religion (Orisa Worship)", which he was not given. Based on this incident, Plaintiff has brought this suit against Defendants claiming violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Free Exercise Clause of the First Amendment.

Plaintiff conceded that the "Fundamentals" book is not universally used by all practitioners of the Yoruba religion. Moreover, he testified that he sent a kite to the prison chaplain, asking "Do you have any Yoruba religious materials?" The chaplain replied to Plaintiff by indicating that he did not have Yoruba religious materials. At the time of Plaintiff's segregation, Plaintiff's "Fundamentals of the Yoruba Religion" book was in his stored personal property. Plaintiff never made a written request to have his Yoruba religious book retrieved from his personal property and brought to him in segregation.

Defendants state that Plaintiff never made an official written request to receive the "Fundamentals" book while in segregation, and that had he done so, he would have been allowed to have the book. Defendants further state that, pursuant to prison rules and policy, inmates in segregation were allowed to have two soft-cover books at a time, and that Plaintiff's book in question would have satisfied this requirement.

Both Plaintiff and Defendants move for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there

is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Since Kinross Correctional Facility is no longer in operation, Plaintiff's claims for injunctive relief regarding the facility's policy on providing religious materials while in segregation are moot.[1] The Sixth Circuit held in *Selby v. Caruso*, 734 F. 3d 554, 561 (6th Cir. 2013) that a prisoner's RLUIPA claim pertaining to a segregation policy becomes moot when the prisoner leaves segregation. Plaintiff is no longer in segregation, has not been in segregation since January, 2014, and is no longer housed at the Kinross Correctional Facility. Therefore, Plaintiff's claims under RLUIPA are now moot and should be dismissed.

Plaintiff's claims under RLUIPA fail as a matter of law, since he is bringing his claims against Defendants Olson and Woods in their individual capacities. RLUIPA does not

---

[1] KCF OP 04.05.120 was rescinded on December 16, 2015.

- 3 -

provide for individual liability. The Sixth Circuit held that RLUIPA does not allow for money damages claims against prison officials in their official capacity. *Haight v. Thompson*, 763 F. 3d 554, 570 (6th Cir. 2014). Courts have also held that RLUIPA does not provide for claims for damages against state employees in their individual capacities. *See Washington v. Gonyea*, 731 F. 3d 143, 145 (2nd Cir. 2013); *Stewart v. Beach*, 701 F. 3d 1322, 1334-35 (10th Cir. 2012); *Sharp v. Johnson*, 669 F. 3d 144, 154-55 (3rd Cir. 2012); *Sossamon v. Lone Star State of Tex.*, 560 F. 3d 316, 327-28 & n. 23 (5th Cir. 2009); *Nelson v. Miller*, 570 F. 3d 868, 889 (7th Cir. 2009); *Smith v. Allen*, 502 F. 3d 1255, 1272-75 (11th Cir. 2007). This Court has repeatedly held that RLUIPA does not provide a cause of action for damages against state actors in their individual capacities. *See, e.g. Green v. Tudor*, 685 F. Supp. 2d 678, 699 (W.D. Mich. 2010); *Wood v. Mich. Dep't of Corrs.*, No. 1:12-cv-1342, 2013 U.S. Dist. LEXIS 79310, 2013 WL 2458390 (W. D. Mich. June 6, 2013); *Crump v. Prelesnik*, No. 1:10-cv-353, 2013 U.S. Dist. LEXIS 45126, 2013 WL 1337790, at *1 n. 1 (W.D. Mich. Mar. 29, 2013); *Hall v. Martin*, No. 1:10-cv-1221, 2012 U.S. Dist. LEXIS 63300, 2012 WL 1579334, at *6 (W.D. Mich. Mar. 29, 2012). Plaintiff's RLUIPA claims against Defendants Olson and Woods in their individual capacities therefore fails as a matter of law.[2]

In the opinion of the undersigned, Plaintiff's § 1938 claim also fails as a matter of law, as he has failed to show that the Defendants' actions violated his First Amendment rights. Plaintiff alleges that he was denied a religious book because of the Kinross Correctional Facility operating procedure. However, he alleges that Defendants Olson and Woods are only liable because they drafted and approved KCF OP 04.05.120.

---

[2]To the extent that Plaintiff is suing Defendant MacLaren in his official capacity, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).

However, KCF OP 04.05.120 did not prohibit Plaintiff from accessing his book on the "Fundamentals of the Yoruba Religion." Plaintiff claims that under the policy, he was only allowed a Bible or Koran, but this is not a true statement, as the policy also allowed two additional soft-cover books out of the inmate's property. Further, Plaintiff was also permitted to make a request for additional religious materials from the prison chaplain. Defendants state that Plaintiff never made a request for his copy of the "Fundamentals of the Yoruba Religion." Plaintiff fails to provide evidence that he made a request for his own book. In fact, the only written request Plaintiff made was his request to the prison chaplain, inquiring whether the chaplain had any Yoruba religious materials. In the opinion of the undersigned, this does not constitute a denial of Plaintiff's constitutional rights. Defendants maintain that if Plaintiff made a request for a book from his personal property, he would have received it. Plaintiff's challenging of the policy on constitutional grounds fails because the policy did not deny him access to his religious materials. Plaintiff's own failure to request the book from his personal property was the sole reason that he did not have the book while he was confined within segregation.

In summary, in the opinion of the undersigned, Plaintiff's claims against Defendants fail as a matter of law, as there is no genuine dispute of fact in this case. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 39) be granted and that this case be dismissed in its entirety. It is further recommended that Plaintiff's motion for summary judgment (ECF No. 36) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the

undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 22, 2016  /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE