UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MARCUS MARTIN,

      Plaintiff,

v.                                    Case No. 2:14-CV-208

DUNCAN MACLAREN, et al.,         HON. GORDON J. QUIST

      Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a state prisoner confined with the Michigan Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA) against Defendants, Warden Duncan MacLaren, former Warden Jeffrey Woods, and Deputy Warden Kathy Olson. Plaintiff alleged that, as a result of Kinross Correctional Facility Operating Procedure KCF OP 04.05.120, he was denied access to his religious materials, in violation of the Free Exercise Clause of the First Amendment and RLUIPA, while in segregation at the Kinross Correctional Facility (KCF). In particular, Plaintiff alleged that he was denied access to his book, "The Fundamentals of the Yoruba Religion (Orisa Worship)" ("Fundamentals").

Following discovery, Defendants filed a motion for summary judgment requesting dismissal of Plaintiff's claims. (ECF No. 39.) Plaintiff also filed a motion for summary judgment. (ECF No. 36.) On June 22, 2016, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment, deny Plaintiff's motion for summary judgment, and dismiss this case in its entirety. The magistrate judge concluded that: (1) Plaintiff's claims for injunctive relief under RLUIPA are moot since Plaintiff

is no longer in segregation, has not been in segregation since January 2014, and is no longer housed at KCF; (2) to the extent Plaintiff is suing Defendants under RLUIPA in their individual capacities or seeking damages under RLUIPA, his claims fail because RLUIPA does not provide for individual liability and damages are not permitted against prison officials in their official capacities; and (3) Plaintiff's claim against Defendant MacLaren in his official capacity is barred by the Eleventh Amendment. (R & R at 3–4 & 4 n.2.) Finally, with regard to Plaintiff's claims against Defendants Olson and Woods in their individual capacities under § 1983, the magistrate judge noted that Plaintiff alleged that Defendants Olson and Woods were liable for the constitutional deprivation only because they drafted the KCF Operating Procedure. However, the magistrate judge found that the KCF Operating Procedure did not cause the alleged violation because the procedure did not prohibit Plaintiff from accessing his "Fundamentals" book. That is, the policy allowed Plaintiff to possess two soft-cover books from his personal property, and because the "Fundamentals" book was a soft-cover book, Plaintiff could have possessed it. (*Id.* at 5.) Furthermore, the magistrate judge concluded that Plaintiff failed to provide any evidence that he made a request that he be given his "Fundamentals" book. (*Id.*)

Plaintiff has filed Objections to the R & R, arguing that the magistrate judge misconstrued his claims and failed to consider his testimony that he made requests to the corrections officer in the segregation unit and the Assistant Resident Unit Supervisor (ARUS) for his copy of "Fundamentals," but that such requests were denied or ignored.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo*

review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Plaintiff's complaint dismissed.

First, Plaintiff's argument that the magistrate judge misconstrued Plaintiff's claims lacks merit. Plaintiff has not shown that the magistrate judge erred in analyzing Plaintiff's RLUIPA and § 1983 claims.

Second, Plaintiff's argument that he made requests to the corrections officer in the segregation unit and the ARUS does not provide a basis to hold Defendants Olson and Woods liable under § 1983. The Court concurs with the magistrate judge that the KCF Operating Procedure did not cause the alleged deprivation because the Operating Procedure allowed inmates in segregation to possess two soft-cover books from their personal property, which thus allowed Plaintiff to possess his soft-cover "Fundamentals" book. However, Defendants Olson and Woods cannot be held liable for other MDOC employees' failures to follow through on Plaintiff's request for his "Fundamentals" book. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (internal quotation marks omitted). That is, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, "[a]t a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Grinter*, 532 F.3d at 575 (internal quotation marks omitted). Because Plaintiff fails to show the requisite personal involvement by Defendants Olson and Woods in failing to act on his requests to subordinates, Plaintiff's § 1983 claim fails as a matter of law.

3

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 22, 2016 (ECF No. 49) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 39) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 36) is **DENIED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.

Dated:  August 24, 2016                               /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE